OPINION
Appellant, Dunn's Lanes, Inc., dba Dunn's Lanes, was cited by agents of the Department of Public Safety ("department") for violations of R.C.4301.69, sale and/or furnishing beer and/or intoxicating liquor to an underage person, Mark Vasquez, by its employee, Cindy Leisure. Appellee, Ohio Liquor Control Commission ("commission"), conducted a trial on those charges. The commission found that Mark Vasquez was a credible witness and that, by his own testimony, was sold intoxicating liquor and beer by Cindy Leisure, which he in turn furnished to two other underage persons, Sally James and Courtney Russell. The commission found that Dunn's Lanes was guilty of both charges and ordered a revocation of Dunn's Lanes' liquor permit.
Dunn's Lanes appealed to the Franklin County Court of Common Pleas, which affirmed the commission finding that its order is supported by substantial, reliable and probative evidence and was in accordance with law.
Dunn's Lanes appeals to this court, setting forth the following assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE:
 THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DECISION OF THE COMMISSION IS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED IN FINDING THAT THE DECISION OF THE COMMISSION IS IN ACCORDANCE WITH LAW.
A review of the transcript of the hearing before the commission reveals that the common pleas court accurately reviewed the testimony that was presented concerning the charges. The case in its entirety boiled down to which witness or witnesses were credible. The principal witness for the commission was Mark Vasquez who celebrated his eighteenth birthday at Dunn's Lanes on November 28, 1998. Two young women, Courtney Russell and Sally James, both of whom were also under twenty-one years of age, accompanied him. Vasquez stated that a waitress at Dunn's Lanes, Cindy Leisure, served him at a table in the game room, and that he ordered beer and shots for both himself and the girls on several occasions. He said that he was not asked for identification nor were the girls. He said that he bought a total of fifteen to twenty beers and a number of shots, part of which he drank and part of which the girls drank. Vasquez was charged with and convicted of furnishing alcoholic beverages to underage persons. Two other witnesses confirmed that Sally James, who was nineteen, was intoxicated both in Dunn's Lanes and shortly after she left Dunn's Lanes.
Unfortunately, the two girls were involved in a fatal one-car accident a short time after they left Dunn's Lanes and both girls were killed when the car caught on fire.
The investigation leading to the charges against Dunn's Lanes and Vasquez took place sometime after the drinks were actually served. However, the fact that there was a delay and that the investigation resulted because of a fatal accident caused by an intoxicated underage person does not invalidate the charges. Dunn's Lanes presented several witnesses who testified that they believed that a woman named Chastity, age twenty-two, went to the bar and bought the drinks, rather than Vasquez purchasing the drinks at the game room table from an employee of Dunn's Lanes. Cindy Leisure testified that she worked as a cook/waitress and bartender at Dunn's Lanes. She stated that she did not serve any drinks in the game room on the night in question. She said that she had served Vasquez alcoholic beverages there in the past, but that he had provided her with an Ohio driver's license showing that he was twenty-one years of age, although she acknowledged that he looked substantially younger than that. She admitted that she had pled guilty to a minor misdemeanor concerning sale of alcohol, but said that was on an attorney's advice as a reduced charge, which involved only a $100 fine and no jail time.
The issue before us, as to the first assignment of error, is whether the trial court abused its discretion in finding that there was reliable, substantial and probative evidence of sale by Dunn's Lanes' employee to an underage person who furnished the drinks to other underage persons. There was no abuse of discretion in this respect because that issue involved solely a determination of credibility of the witnesses. If Vasquez is believed as he was by the commission, the case against Dunn's Lanes for its employee selling and furnishing alcoholic beverages to an underage person is proved. His testimony was at least as convincing, if not more convincing, than those witnesses presented by Dunn's Lanes. We have no basis to second-guess the common pleas court or the commission in this respect. Appellant's first assignment of error is overruled.
Appellant secondly contends that the judgment of the common pleas court was not in accordance with law because the commission relied upon evidence which was not probative of the issue before it and that, as a result, Dunn's Lanes did not receive a meaningful hearing.
Appellant's contention is that the sole issue before the commission was whether Cindy Leisure served or furnished alcoholic beverages to Vasquez and not whether Sally and Courtney were killed in an automobile accident involving drinking a short time after they left Dunn's Lanes. Most of the evidence in the case dealt with the issue of whether Cindy Leisure served or furnished alcoholic beverages to Vasquez, an underage person, without obtaining proof that he was twenty-one years of age, and that she brought multiple drinks to the table where he was sitting with two young women who were also under twenty-one years of age in order for him to furnish drinks to those women. However, the commission also inquired into all of the circumstances, which included circumstances after the two girls left the bar and were involved in a fatal accident caused, at least in part, by the consumption of alcoholic beverages furnished by an employee of Dunn's Lanes. In the commission's order, they stated that, "Mark Vasquez furnished intoxicating liquor and beer to Courtney Russell and Sally James. The blood alcohol content of Sally James at the time of the fatal accident was 0.16, eight times the legal limit for an underage person. The alcohol provided to Sally James contributed to the death of Courtney Russell and Sally James. The two girls were at Dunn's Lanes for approximately two hours prior to the accident. There can be no questions that at least part of the alcohol, which contributed to the death of the two girls came from Dunn's Lanes."
The issue is whether the common pleas court abused its discretion in finding the order of the commission in accordance with law when the commission inquired into all of the circumstances surrounding the alcoholic beverages furnished to Vasquez, part of which in turn was furnished to Sally and Courtney. We find that there was no abuse of discretion in that respect. The commission was entitled to know the entire story relating to the events occurring on the night in question which emanated from the illegal acts found to have been committed by Cindy Leisure. While the subsequent events, the deaths of Sally and Courtney, may have been taken into consideration by the commission in deciding the extent of the penalty which it imposed upon Dunn's Lanes, that was not unlawful. R.C. 4301.25(A) allows the commission to suspend or revoke a liquor permit when the permit holder or his agent or employee violates any of the restrictions contained in R.C. Chapter 4301. R.C.4301.25(A) reads as follows:
 The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause * * *.
The sale of beer and liquor to an underage person is a violation of R.C. 4301.69(A). While the revocation of appellant's permit may be harsh, according to the findings of fact of the commission, the violation of the permit holder bore a causal relationship to the death of two young women. The commission does not violate the law in considering the consequences of violations of a permit holder. The penalty, which was invoked, was within the province of the commission and was thus lawful. See Henry's Café, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233.
Appellant's second assignment of error is overruled.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.